

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EDP:VC
F. #2025R00061

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 28, 2026

By ECF and E-mail

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Reinaldo Davis
        Criminal Docket No. 24-192 (WFK)

Dear Judge Kuntz:

The government writes in advance of the sentencing in this matter scheduled for August 4, 2026. For the reasons detailed below, the government respectfully requests that the Court impose a sentence of two years' supervised release.

I.      Background

        A.      Original Offense and Sentence

This case originates from the defendant's conviction in the District of Vermont. The defendant was charged by complaint in that district on August 4, 2022, with distributing cocaine base (i.e., "crack" cocaine), in violation of 21 U.S.C. § 841(a)(1). United States v. Davis, No. 22-CR-92 (D. Vt.) (hereinafter, "Vermont Docket"), ECF No. 1. A grand jury in the District of Vermont later returned a one-count indictment charging the defendant with distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). Vermont Docket, ECF No. 7. The defendant pled guilty pursuant to a plea agreement on December 8, 2022. Vermont Docket, ECF No. 19. On April 28, 2023, the defendant was sentenced to 18 months' imprisonment, to be followed by three years' supervised release—a sentence that fell below the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of imprisonment. Vermont Docket, ECF No. 28.

After completing his term of imprisonment, the defendant commenced supervised release on October 4, 2023, with a scheduled termination date of October 3, 2026. Violation of Supervised Release Report ("VOSR Report"), at 1 (Nov. 27, 2024). Among other things, the terms of his supervised release forbade him from committing new crimes, required him to obtain

permission before leaving the district of supervision, forbade illegal drug use, and mandated that he undergo drug treatment. The defendant's supervised release was subsequently transferred to the Eastern District of New York because the defendant resides in this district. Transfer of Jurisdiction Request, ECF No. 1 (May, 9, 2024); Transfer of Jurisdiction Acceptance, ECF No. 2 (May 13, 2024).

      B.      Violations of Supervised Release

On November 27, 2024, the U.S. Probation Department filed the VOSR Report, which charged the defendant with four violations of the conditions of his supervised release. Charge One alleged that the defendant raped the mother of his children on August 29, 2024 and thereby violated the prohibition against committing another federal, state, or local crime. See VOSR Report at 6. Charge Two alleged that on the date of the crime charged in Charge One, the defendant traveled outside the Eastern District of New York without permission from either the Court or his assigned probation officer. See id. Charge Three alleged that the defendant unlawfully used controlled substances and failed to submit to required drug tests. See id. at 9. Charge Four alleged that the defendant failed to comply adequately with the substance abuse treatment required by the terms of his supervised release. See id.

      C.      The Evidentiary Hearing, the Court's Decision, and Its Sentence

The defendant was arrested on January 24, 2025 and held without bail pending the outcome of his evidentiary hearing. See ECF No. 14. On Friday, April 25, 2025, the Court held an evidentiary hearing to adjudicate the charges alleged in the VOSR Report. At the hearing, the government called three witnesses: Officer Edwin Gerena of the Troy, New York, Police Department; Probation Officer Matt Geller; and Sasha Lucero, a substance counselor from the substance treatment center that the defendant formerly attended. The Court also admitted in evidence, among other exhibits and stipulations, drug test reports (GX 104) and drug treatment records (GX 107).

On May 16, 2025, the Court issued its Decision and Order finding that the government proved each of the four charges by a preponderance of the evidence. See Decision and Order, ECF No. 33, at 2-3 (May 16, 2025).[1] With respect to Charge Two, the Court found that the defendant was present in Troy, New York, on August 29, 2024, and that Troy is not in the Eastern District of New York. See id. at 5. The Court credited Probation Officer Geller's testimony that neither he nor anyone else at Probation authorized the defendant to leave the district that day. See id. at 5-6. With respect to Charge Three, the Court found that the defendant unlawfully used controlled substances between March 28, 2024 and September 13, 2024. See id. at 6. The Court pointed to the defendant's positive tests for marijuana and cocaine. See id. at 6. With respect to Charge Four, the Court found that the defendant "frequently missed his scheduled sessions" at his treatment center and, upon his treatment center's recommendation, Probation terminated its contract for the defendant's treatment in November 2024. See id. at 7-8. Accordingly, the government proved that the defendant had failed to comply with his mandatory

---

[1] Because Charge One was vacated, see infra § I.D, the government does not address it here.

substance abuse treatment.  See id. at 8.  Following its decision, the Court sentenced the defendant to 18 months' incarceration and two years' supervised release.  See ECF No. 39.

        D.        The Defendant Appeals Charge One

        The defendant appealed to the Second Circuit.  He did not appeals the Court's findings with respect to Charges Two through Four.  Rather, he disputed only the Court's sentence and its finding with respect to Charge One.  The Second Circuit vacated the Court's finding with respect to Charge One.  See United States v. Davis, No. 25-1968, 2026 WL 696897, at *3 (2d Cir. Mar. 12, 2026).  The Second Circuit also vacated the government's sentence, without deciding the sentencing questions that the defendant had raised on appeal.  See id.  While the appeal was pending, the defendant served his entire 18-month term of custody, and he was released from Bureau of Prisons ("BOP") custody on March 19, 2026.

II.        Legal Standard

    A.  Statutory Provisions

        When a defendant violates a condition of supervised release, the Court may continue the defendant on supervised release with or without modifying the conditions.  See 18 U.S.C. § 3583(e).  The Court may also extend the term of supervised release, if less than the maximum sentence was already imposed, pursuant to 18 U.S.C. § 3583(e)(2).  Alternatively, the Court may revoke supervised release and impose a term of custody pursuant to 18 U.S.C. § 3583(e)(3).[2]  The Court may also order a new term of supervised release following any prison sentence, so long as the supervision term does not exceed the maximum supervision term authorized at the original sentencing, less any custody ordered on a prior or current violation, pursuant to 18 U.S.C. § 3583(h).

        In determining whether and how to modify conditions of supervised release or revoke supervised release, the Court should be guided by certain of the factors set forth in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."[3]  See 18 U.S.C. §§ 3553(a), 3583(e).  In

---

[2]      A defendant whose term is revoked under 18 U.S.C. § 3583(e) "may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case."  Id.

[3]      The Supreme Court has held that in modifying or revoking a term of supervised release, a court shall not consider the factors set forth in 18 U.S.C. § 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  See Esteras v. United States, 145 S. Ct. 2031, 2042 (2025).  "A court may consider the nature and circumstances of the offense as relevant for the considerations set forth in

addition, the Guidelines call for "sanction[ing] the violator for failing to abide by the conditions of the court-ordered supervision."  U.S.S.G. chap. 7, pt. A.3(b); see also id. (adopting approach that the Court should "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator").

B.  Sentencing Guidelines

The Sentencing Commission has issued advisory policy statements for revocations of supervised release.  Pursuant to the Guidelines, Charges Two through Four are Grade C violations, U.S.S.G. § 7B1.1(a)(3).  Because a criminal history category of I was found applicable at the defendant's original sentencing, the Guidelines' custodial term for these violations is 3-9 months.  See id. § 7B1.4(a).

III.    The Court Should Impose a Sentence of Two Years' Supervised Release

A two-year term of supervised release is appropriate here.  The defendant's violations show a stubborn disregard for the Court's authority and the need for real drug treatment.  Supervised release will serve the functions of both deterrence and rehabilitation.[4]  The defendant's violation in Charge Two—leaving the district without authorization—demonstrates a disregard for the conditions imposed upon him.  The charge of conviction concerned only the day he committed the offense alleged in Charge One, but the victim in Charge One also told Probation Officer Geller that the defendant "frequently went back and forth between the Eastern District of New York and Troy, regardless of whether any permission was granted."  Hr'g Tr. at 59:14-16.  Likewise, the defendant flagrantly refused to follow his Court-mandated substance abuse treatment program.  In particular, he repeatedly failed to attend sessions in open defiance of the Court's supervision.[5]  The evidentiary hearing showed that the defendant had essentially completely flouted all aspects of his supervised release prior to in his arrest and incarceration.  For the defendant's own good and the good of the public, new term of supervised release is necessary to deter the defendant's persistent defiance of the Court's conditions.

The defendant's behavior since his release from custody in March 2026 supports the government's recommendation.  The defendant's own summary of his post-release activities refers mainly to his hope to return to work, rather than actual employment.  Employment and a

§§ 3553(a)(2)(B), (C), and (D)—namely, deterrence, incapacitation, and rehabilitation—but a court cannot consider the nature and circumstances of the offense as relevant to § 3553(a)(2)(A)'s retributive focus."  Id. at 2043.

[4]    The defendant writes extensively on Esteras in his sentencing memorandum.  See Def.'s Sent. Mem., ECF No. 56 at 2-4 (July 22, 2026).  Esteras has no relevance here because the government's proposed sentence is aimed at deterrence and rehabilitation in light of the defendant's behavior while on supervised release.

[5]    See GX 107 at RD_000036, RD_000043, RD_000046, RD_000050, RD_000056, RD_000059.  Indeed, he once informed a counselor that he would "rather go to jail" than attend treatment.  Id. at RD_000050.

4

legitimate income are critical for the defendant's rehabilitation and successful reintegration into society. Although he has referred in filings to prior employment at Clean Space, the VOSR Report reflects that he has not held a job in 20 years. See VOSR Report at 12-13. The structure and oversight of supervised release will help the defendant obtain and hold employment.

Probation and the government propose the mandatory and standard conditions of supervised release, as well as two special conditions of supervised release, which are attached here as Exhibit A. The defendant has no objection to the special search condition. The defendant objects to the proposed drug treatment condition. This condition is necessary in light of his personal history, particularly his behavior while on supervised release prior to incarceration. He had multiple positive and missed tests for marijuana and cocaine while on supervised release prior to incarceration. The defendant claims that he has been "clean" since his positive tests in fall 2024, see Def.'s Memo. at 6, but that claim ignores important context. He was discharged from his prior program due to non-compliance in December 2024, and his last in-person encounter was on November 15, 2024 and his last drug test (which was positive) was on September 13, 2024. See GX 107 at RD_000059, RD_000062. He was in BOP custody from January 24, 2025 to March 19, 2026. Probation has not tested him since his release from BOP custody. In other words, the government and Probation are unaware of any drug tests for the defendant in the past two years. There is very little data on whether the defendant can actually stay clean outside of BOP custody, and there is substantial data that he cannot do so.

IV.     Conclusion

For the foregoing reasons, the government respectfully requests that the Court sentence the defendant to two years' supervised release.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:     /s/ Vincent Chiappini
        Vincent Chiappini
        Assistant U.S. Attorney
        (718) 254-6299

Enclosure

cc:     Clerk of Court (WFK) (by ECF)
        Samuel Jacobson, Esq. (by ECF)
        Matt Geller, United States Probation Officer (by e-mail)

5

# EXHIBIT A

**It is the order of the court that you must comply with the following mandatory conditions:**

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

**It is the order of the court that you must comply with the following standard conditions:**

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk to another person (including an organization), the probation officer, with prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**It is the order of the court that you must comply with the following special conditions:**

1.  The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e) (1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of their supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2.  The defendant shall participate in an outpatient drug treatment program approved by the U.S. Probation Office. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the U.S. Probation Office's Sliding Scale for Substance Abuse Treatment Services and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the U.S. Probation Office to assess their ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the U.S. Probation Office. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.