UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :
            v.                       :       **<u>DECISION AND ORDER</u>**
                                     :       24-CR-192 (WFK)
REINALDO DAVIS,                      :
                                     :
                        Defendant.   :
--------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 28, 2023, the U.S. District Court for the District of Vermont sentenced Reinaldo Davis ("Defendant") to eighteen months' incarceration and three years' supervised release for one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a), (b)(1)(C). Judgment at 1–3, 22-CR-92, ECF No. 29 (D. Vt.).[1] On November 27, 2024, while Defendant was under supervision in the Eastern District of New York, the U.S. Probation Office ("Probation") filed a violation of supervised release ("VOSR") report, charging Defendant with violating his conditions of supervision by: (1) engaging in new criminal conduct; (2) leaving the federal judicial district without permission; (3) unlawfully using controlled substances; and (4) failing to comply with substance abuse treatment. VOSR Report at 6, 9, ECF No. 7. On March 12, 2026, the U.S. Court of Appeals for the Second Circuit remanded the case to this Court for re-sentencing. The Court again finds the Government has met its burden as to Charges Two, Three, and Four of the VOSR report, and sentences Defendant to time served to be followed by two (2) years of supervised release with two (2) special conditions.

## <u>BACKGROUND</u>

### I.    The Underlying Action and Transfer to the Eastern District of New York

On August 18, 2022, a U.S. Grand Jury in the District of Vermont returned a one-count

indictment (the "Indictment") charging Defendant with distribution of cocaine base in violation

of 21 U.S.C. § 841(a), (b)(1)(C). Indictment at 1, 22-CR-92, ECF No. 7 (D. Vt.). On December

8, 2022, Defendant pled guilty to the Indictment's sole count pursuant to a written plea

agreement. Min. Entry, 22-CR-92, ECF No. 19 (D. Vt.). On April 28, 2023, Chief District Judge

---

[1]Citations are to the docket in *United States v Davis*, 24-CR-192 (E.D.N.Y.), and, where applicable, to *United States v. Davis*, 22-CR-92 (D. Vt.). Page pincites refer to the ECF page numbers assigned to a filing, where available, and where no ECF heading is present, to the page numbers listed in the original filing.

Christina Reiss of the U.S. District Court for the District of Vermont sentenced Defendant to eighteen months' incarceration and three years' supervised release.  Judgment at 1–3.

On October 4, 2023, Defendant completed his custodial term and commenced supervised release.  VOSR Report at 1.  Among other things, Defendant's conditions of supervision: (1) forbade him from committing new crimes, (2) required him to obtain permission before leaving the district of residence, (3) forbade illegal drug use, and (4) mandated he undergo substance abuse treatment.  Judgment at 3–5.

On May 13, 2024, Defendant's supervision was transferred to the Eastern District of New York, where he resides.  Transfer of Jurisdiction Req., ECF No. 1; Transfer of Jurisdiction Acceptance, ECF No. 2.

## II. Defendant's Violation of Supervised Release Report, Revocation Hearing, and First Sentencing

On November 27, 2024, Probation filed a VOSR report charging Defendant with: (1) committing another crime (rape of a former partner, the "Victim"); (2) leaving the federal judicial district of residence (here, the Eastern District of New York) without permission; (3) unlawfully using controlled substances (marijuana and cocaine); and (4) failing to comply with substance abuse treatment.  VOSR Report at 6–11.  On April 25, 2025, the Court held a revocation hearing in connection with Defendant's alleged violations of supervised release.  *See* Apr. 25, 2025 Min. Entry.

On May 16, 2025, the Court found the Government proved each of the four VOSR charges.  *See* Decision and Order at 1, ECF No. 33.  On July 29, 2025, the Court sentenced Defendant to eighteen months' incarceration to be followed by two years of supervised release.  *See* Violation of Supervised Release Order at 2–3, ECF No. 39.

2

## III.    Defendant's Appeal

On August 12, 2025, Defendant filed a Notice of Appeal to the Second Circuit.  ECF No. 43.  Defendant primarily disputed the Court's findings with respect to Count One and the corresponding sentence.  *See United States v. Davis*, 25-1968, 2026 WL 696897, at *2 (2d Cir. Mar. 12, 2026).  The Second Circuit subsequently vacated the Court's decision and remanded the case to this Court for re-sentencing.  *Id.* at *4.

## **LEGAL STANDARD**

When a defendant violates a condition of supervised release, the Court may continue the defendant on supervision with or without modifying the existing conditions.  *See* 18 U.S.C. § 3583(e).  The Court is also permitted to extend the term of supervised release if less than the maximum sentence was already imposed, *see* 18 U.S.C. § 3583(e)(2), or revoke supervised release and impose a term of custody, *see* 18 U.S.C. § 3583(e)(3).  When supervised release is revoked and a new custodial term is imposed, the Court may also order a new term of supervised release, so long as the newly imposed term of supervised release does not exceed the maximum supervision term authorized at the original sentencing, less any custody ordered upon revocation of supervised release.  *See* 18 U.S.C. § 3583(h).

When determining whether to continue, modify, or revoke the conditions of a defendant's supervised release, the Court is guided by the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  *See* 18 U.S.C. § 3583(e).

## **DISCUSSION**

## I.    VOSR Charges

### A.  Charge One:  New Criminal Conduct of Rape

3

Charge One of the VOSR report charged Defendant with violating the following condition of his supervision: *You must not commit another federal, state or local crime.* VOSR Report at 6. Because the Court granted the Government's request to withdraw this charge at the re-sentencing hearing, the Court will not address Charge One any further. *See* July 13, 2026 Ltr. at 1, ECF No. 54.

### B.  Charge Two:  Leaving Federal Judicial District Without Permission[2]

Charge Two of the VOSR report charges Defendant with violating the following condition of his supervision: *You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the Probation Officer.* VOSR Report at 6. The Government alleged Defendant violated this condition by traveling to the Victim's home outside the federal judicial district of residence without permission. *Id.*

As previously stated, the Government presented sufficient evidence at the revocation hearing to prove by a preponderance of the evidence Defendant left the federal judicial district of supervision—the Eastern District of New York—without permission. Defendant was required to obtain the permission of the Court or U.S. Probation Officer Matt Geller before leaving this District. Judgment at 4; Revocation Hearing Tr. ('Tr.') at 48, ECF No. 35. On August 29, 2024, Defendant was in Troy, New York, which is located outside the Eastern District. Tr. at 50. Officer Geller testified neither he nor anyone else at Probation gave Defendant permission to leave the Eastern District of New York that day. *Id.*

---

[2] Because Defendant did not challenge this Court's findings as to Charges Two, Three, and Four of the VOSR report on appeal, the Second Circuit affirmed this Court's judgment. *See Davis*, 2026 WL 696897, at *2 n.2.

Accordingly, the Government presented sufficient evidence to meet its burden of proof with respect to Charge Two of the VOSR report. Defendant did not challenge this finding in his appeal to the Second Circuit. *See Davis*, 2026 WL 696897, at *2 n. 2.

### C.  Charge Three:  Unlawful Use of Controlled Substances

Charge Three of the VOSR report charges Defendant with violating the following condition of his supervision: *You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the Court.* VOSR Report at 9. The Government alleged Defendant unlawfully used controlled substances during the period of March 28 through September 13, 2024. *Id.*

As previously stated, the Government presented sufficient evidence at the revocation hearing to prove by a preponderance of the evidence Defendant used marijuana and cocaine during this period. Tr. at 65–68. In March, May, July, and September 2024, Defendant's urine samples tested positive for marijuana. *Id.* at 67–68. In May 2024, Defendant's urine sample also tested positive for cocaine. *Id.* at 67. Officer Geller testified he personally confronted Defendant about each of these positive tests. *Id.* at 67–68. According to Officer Geller, Defendant admitted to using marijuana—at times, purportedly inadvertently—but blamed the positive cocaine result on the "possibility that there was cocaine laced . . . in the marijuana that he consumed." *Id.* at 67.

The Government therefore demonstrated by a preponderance of the evidence Defendant unlawfully used controlled substances while on supervision, meeting its burden of proof with respect to Charge Three of the VOSR report. Defendant did not challenge this finding in his appeal to the Second Circuit. *See Davis*, 2026 WL 696897, at *2 n. 2.

### D.  Charge Four:  Failure to Comply with Substance Abuse Treatment

Charge Four of the VOSR report charges Defendant with violating the following condition of his supervision:  *You must participate in substance abuse treatment, which may include a substance abuse assessment with a licensed substance abuse provider and abide by any programmatic treatment recommendations.  This program may include testing to determine whether you have reverted to the use of drugs or alcohol.  You shall contribute to the cost of services rendered based on your ability to pay or the availability of third-party payment.  You must refrain from the use of alcohol and other intoxicants during and after treatment.*  VOSR Report at 9.  The Government alleged Defendant failed to attend substance abuse treatment as required by this condition of supervision.  *Id.*

As previously stated, the Government presented sufficient evidence at the revocation hearing to prove by a preponderance of the evidence Defendant failed to comply with the substance abuse treatment condition.  During his term of supervised release, Defendant was assigned to undergo substance abuse treatment at TRI Center Inc., an outpatient treatment center in Brooklyn, New York.  Tr. 63–64, 89.  Defendant was required to attend regular treatment sessions and undergo drug testing at TRI Center once a month.  *Id.* at 64.  However, Defendant frequently missed his scheduled sessions.  *Id.* at 68–69.  Officer Geller testified Defendant gave various excuses about his failure to attend treatment:  "Initially it was difficulty procuring the funds to travel to treatment, and thereafter it was illness.  Sometimes he didn't go because he didn't think it was effective for him to go."  *Id.* at 69.

Defendant's habitual non-attendance ultimately caused TRI Center to provide Probation a clinical recommendation "that it was clinically ineffective for [Defendant] to continue."  *Id.* at 70.  Upon TRI Center's recommendation, Probation terminated its contract with TRI Center for

6

Defendant's treatment in November 2024. *Id.* Ms. Lucero, a representative from TRI Center testified to the accuracy of TRI Center records.[3] *Id.* at 81–95.

The Government therefore demonstrated by a preponderance of the evidence Defendant failed to comply with mandatory substance abuse treatment, meeting its burden of proof with respect to Charge Four. Defendant did not challenge this finding in his appeal to the Second Circuit. *See Davis*, 2026 WL 696897, at *2 n. 2.

## II.    Sentencing

An additional term of two years of supervised release is appropriate in the instant case. Defendant's violations demonstrate a stubborn disregard for the rule of law. Supervised release will serve to both deter and rehabilitate Defendant.

The Court agrees Defendant has "completely flouted all aspects of his supervised release[.]" *See* Gov't Sent'g Mem. at 4, ECF No. 57. As the Government notes, the evidence in this case demonstrates a complete disregard for the conditions of supervision imposed upon him, including: (1) leaving the district without authorization; and (2) Defendant's flagrant refusal to follow his Court-mandated substance abuse treatment program. *See id.* "For [Defendant's] own good and the good of the public, [a] new term of supervised release is necessary to deter [Defendant's] persistent defiance of [this and other courts'] conditions." *Id.* Furthermore, Defendant reports only temporary employment and appears to lack a permanent source of income which is "critical . . . [for] a successful reintegration into society." *See id.*; Def.'s Sent'g Mem. at 5, ECF No. 56 ("[Defendant] has been helping out at his friend's beauty supply store, while applying for more permanent positions.").

---

[3] The Government presented four types of records from TRI Center at the revocation hearing: (1) admissions assessments; (2) monthly treatment reports to the Probation; (3) attendance logs; and (4) urinalysis logs. Tr. at 83–90; Gov't Exs. 104, 107.

The Court also imposes the two special conditions proposed by the Government and Probation.[4] With respect to the second special condition—imposing requirements for drug treatment—the Court agrees with the Government that "[Defendant's] personal history, particularly his behavior while on supervised release prior to incarceration[,]" including "multiple positive and missed tests for marijuana and cocaine" support the imposition of such a condition. Gov't Sent'g Mem. at 5. Furthermore, "there is very little data on whether [Defendant] can actually stay clean outside of [the custody of the Federal Bureau of Prisons], and there is substantial data that he cannot do so." *Id.*

To be crystal clear, however, as the U.S. Supreme Court noted in *United States v. Esteras*, this Court expressly "withdraw[s] any impermissible justification . . . or stray reference to a [18 U.S.C. § 3553(a)(2)(A)] factor" as "merely prefatory." 606 U.S. 185, 203 (2025).

## **CONCLUSION**

For the reasons set forth above, the Court again finds Defendant committed Charges Two, Three, and Four of the VOSR report. The Court hereby re-sentences Defendant to time served to be followed by two (2) years of supervised release with the two (2) special conditions proposed by the Government and Probation.

The Court expressly adopts the factual findings of the VOSR report, as corrected herein, to the extent those findings are not inconsistent with this opinion.

---

[4] Defendant raises no objection to the first condition, which requires him to "submit his . . . person, property, house, residence, vehicle, papers, computers . . . other electronic communications or data storage devices or media, or office, to a search conducted by a United States [P]robation officer." Gov't Sent'g Mem., Ex. A, at 3 (proposed special conditions); *see* Def. Sent'g Mem. at 6.

8

**SO ORDERED.**

S/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2026
      Brooklyn, New York